IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GERALD COPE, #140 414, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:19-CV-194-WKW-CSC |
| | ) [WO] |
| NURSE FREDERICK, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Plaintiff Gerald Cope ["Cope"], proceeding *pro se*, files this 42 U.S.C. § 1983 Complaint challenging the provision of medical care and treatment he received during his incarceration at the Elmore Correctional Facility ["Elmore"] in Elmore, Alabama.[1] Cope claims he was forced to take medication to which he was allergic and which almost caused his death in August of 2018. Cope names as the defendant Nurse Cynthia Frederick ["Frederick"].[2] For relief, Cope requests dam7ages in the form of a settlement or compensation and his release from custody. Doc. 1; Doc. 1-1.[3]

---

[1] Cope filed suit while incarcerated at the Elmore Correctional Facility. During the pendency of this action he was transferred to another institution.

[2] Cope incorrectly identified Defendant Frederick in the Complaint as "Nurse Fredderick."

[3] All documents and attendant page numbers cited herein are those assigned by the Clerk of this Court in the docketing process.

Frederick filed an Answer, Written Report with supplement, and supporting evidentiary material addressing Cope's claims for relief. Docs. 21, 26. In these documents, Frederick denies she acted in violation of Cope's constitutional rights and maintains Cope received appropriate medical treatment at all times relevant to the claims alleged. *See* Docs. 21-1, 26-2.  Frederick also assert this matter is due to be dismissed because Cope failed to exhaust an administrative remedy available to him through the prison system's medical provider regarding his claims prior to filing the Complaint. Doc. 21 at 5–6; Doc. 26-1, *Affidavit of Kelly Rice, RN*.[4] Frederick bases her exhaustion defense on Cope's failure to comply with the institutional medical provider's grievance procedure regarding the claims presented.  Doc. 26-1. In addition, Frederick maintains—and the evidentiary materials, including Cope's medical records—show that Cope received appropriate medical treatment during the time relevant to the matters alleged in the Complaint. *See* Doc. 26-1 at 7–273, *Plaintiff's Medical Records*.

The Court granted Cope an opportunity to file a response to Frederick's Written Report and supplement in which he was advised to specifically address Frederick's argument that his "claims are due to be dismissed because he failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA")." Doc. 27 at 1 (footnote omitted). The Order advised Cope his response should be supported by affidavits or statements made under penalty of perjury and other evidentiary materials.  Doc. 27 at 3. This Order further cautioned Cope that unless

---

[4] At all times relevant to the allegations in the Complaint Ms. Rice was the Director of Nursing for Staton, Elmore, and the Frank Lee Work Release Facility. Doc. 26-1 at  3.

"sufficient legal cause" is shown within ten days of entry of this Order "why such action should not be undertaken, the court may at any time [after expiration of the time for his filing a response to this order] and without further notice to the parties (1) treat the [written] report, as supplemented, and any supporting evidentiary materials as a motion to dismiss . . . and (2) after considering any response as allowed by this order, rule on the motion in accordance with law." Doc. 27 at 3. Cope filed a response to Frederick's reports. Doc.28.

The Court will treat Frederick's reports as a motion to dismiss regarding the exhaustion defense and resolve this motion in Frederick's favor. *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008) (internal quotations omitted) ("[A]n exhaustion defense . . . is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."); *see also Trias v. Fla. Dept. of Corrs.*, 587 F. App'x 531, 534 (11th Cir. 2014) (holding that the district court properly construed a defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies").

## II.     STANDARD OF REVIEW

In addressing the requirements of 42 U.S.C. § 1997e exhaustion, the Eleventh Circuit has

> recognized that [t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court. This means that until such administrative remedies as are available are exhausted, a prisoner is precluded from filing suit in federal court.

*Leal v. Ga. Dept. of Corrs.*, 254 F.3d 1276, 1279 (11th Cir. 2001) (citations and internal quotations omitted). Furthermore, "the question of exhaustion under the PLRA [is] a

3

'threshold matter' that [federal courts must] address before considering the merits of the case," and that cannot be waived. *Myles v. Miami-Dade Cnty. Corr. & Rehab. Dept.*, 476 F. App'x 364, 366 (11th Cir. 2012) (quoting *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004)).

> When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. If the complaint is not subject to dismissal at this step, then the court should make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Myles*, 476 F. App'x at 366 (citations and internal quotations omitted). Consequently, a district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record." *Trias*, 587 F. App'x at 535. Based on the foregoing, the Eleventh Circuit has rejected an inmate-plaintiff's argument that "disputed facts as to exhaustion should be decided" only after a trial either before a jury or judge. *Id.* at 534.

## III. DISCUSSION

Cope challenges the medical care he received to treat his history of schizophrenia. He states he was forced to take Depakote and Risperdal for his condition but claims he was allergic to these drugs and almost died in August of 2018 as a result of taking the

4

medication.[5]  In response to these claim, Frederick argues that Cope did not exhaust the administrative remedy provided by the institutional healthcare provider for inmates to seek review of any aspect of their medical care and treatment prior to filing a complaint as required by the PLRA. Doc. 21 at 5–6; Doc. 26-1, *Affidavit of Kelly Rice, RN*.

The PLRA compels proper exhaustion of available administrative remedies before a prisoner can seek relief in federal court in a § 1983 action.  Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  "The PLRA strengthened [the exhaustion] provision [applicable to inmate complaints] in several ways.  Exhaustion is no longer left

---

[5] Frederick is a certified registered nurse practitioner who was employed by MHM Correctional Services, Inc., at Staton (inmates at Elmore receive their medical care at Staton) from September 2010 to July 2018. She testifies that Cope was assessed as having schizophrenia for which he had been prescribed Risperdal and Depakote. Cope was chronically non-compliant with taking Risperdal and Depakote but Frederick affirms he was never force-medicated with either medication and was never prescribed an involuntary medication order.  Frederick also affirms that Cope's medical record do not reflect he had an allergy to either Risperdal or Depakote. Frederick last saw Cope as a patient in May of 2018. Review of Cope's medical records reflect that in August of 2018 he underwent surgery at an outside hospital for a perforated ulcer. *See* Doc. 21-1, *Affidavit of Cynthia Frederick*; Doc. 26-2 at 2–273, *Affidavit of Cynthia Frederick and Plaintiff's Medical Records.*

to the discretion of the district court, but is mandatory.  Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards.  Indeed, as [the Supreme Court] held in *Booth*, a prisoner must now exhaust administrative remedies even where the relief sought–monetary damages–cannot be granted by the administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (internal citation omitted).

Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998).  "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion."  *Ross v. Blake*, 578 U.S. 632, 639 (2016).  However, "[a] prisoner need not exhaust remedies if they are not available."  *Id*. at 635 (internal quotation marks omitted).  Generally, a remedy is "available" when it has "sufficient power or force to achieve an end,[or is] capable of use for the accomplishment of a purpose[.]" *Booth*, 532 U.S. at 737 (internal quotation marks omitted).  Moreover, "the PLRA exhaustion requirement requires proper exhaustion."  *Woodford*, 548 U.S. at 93.  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings. . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id.* at 90–91, 93.  The Supreme Court reasoned that because

6

proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him.  *Id.* at 83-84; *Bryant*, 530 F3d at 1378 (explaining that to exhaust administrative remedies in accordance with the PLRA, prisoners must "properly take each step within the administrative process."); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (holding that inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom*, 223 F.3d at 1261 (observing that inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement). "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint."  *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012).

In support of her motion to dismiss for failure to exhaust administrative remedies, Frederick has submitted an affidavit from Kelly Rice, Director of Nursing for Staton, Elmore, and the Frank Lee Work Release Facility. Ms. Rice affirms that an institutional grievance procedure is available for inmate complaints related to the provision of medical treatment at the prison facilities and inmates are advised during orientation that complaints regarding health care may be resolved informally by communication with the Health Services Administrator ("HSA") via the inmate request process before initiating a formal grievance. The formal grievance process is initiated when an inmate submits a medical

7

grievance which the Director of Nursing ["DON"] collects each day from the grievance box. Grievances are dated and time-stamped. The HSA or designee reviews and answers the grievance within ten working days of receipt of the medical grievance. The HSA or designee conducts a records review or in-person interview and prepares a written response to the grievance. Upon answering the grievance, it is logged and annotated in the grievance log, and the written response is placed in the inmate mailbox for distribution to the inmate. The second step of the grievance process is submission of a medical grievance appeal which the inmate may present to the HSA or DON or submit through the inmate mail system. The grievance appeal is logged in the grievance log and the HSA must answer the grievance appeal in writing within five working days. After the HSA has conducted the appropriate review, provided a written response, and logged the grievance appeal, the form is provided to the inmate and a copy taken to the Warden's office. If the inmate is not satisfied with the response to the grievance appeal, a face-to-face encounter will occur with the HSA, the Warden, or a designee. Ms. Rice maintains that during his incarceration at Elmore, Cope did not file any medical grievances or otherwise follow designated institutional grievance policy regarding the allegations about his medical care and treatment presented in his Complaint. Doc. 26-1.

The Court granted Cope an opportunity to respond to the exhaustion defense raised by the medical defendant in her motion to dismiss. Cope's response does not dispute the medical defendant's argument that he failed to exhaust an available administrative remedy, and there is no evidence this remedy was "unavailable" under the PLRA. *See Ross,* 578 U.S. at 643–44. The Court therefore finds a grievance system is available to for Cope's

claims, but he failed to exhaust the administrative remedy available to him. Cope does not dispute his failure to exhaust the grievance procedure regarding the matters made the subject of this case, and the unrefuted record before the Court demonstrates he failed to exhaust the administrative remedy available to him through the institutional medical provider regarding his allegation of inadequate medical care prior to seeking federal relief, a precondition to proceeding in this Court on his claims. The record further reflects that the institutional medical provider's administrative remedy remains available to Cope and dismissal without prejudice is, therefore, appropriate. *See Ngo*, 548 U.S. at 87-94; *Bryant*, 530 F.3d at 1374-1375 (dismissal for failure to exhaust an administrative remedy when the remedy remains available is not an adjudication of the merits and is without prejudice); *Woodford*, 548 U.S. at 87-94.

## VI.   CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS that:

1.  The Motion to Dismiss filed by Defendant Frederick (Doc. 21) be GRANTED to the extent Defendant Frederick seeks dismissal of this case due to Plaintiff's failure to properly exhaust an institutional administrative remedy prior to filing this case.

2.  This case against Defendant Frederick be DISMISSED without prejudice.

3.   Other than the filing fee assessed in this case, no costs be taxed.

4.   Judgment be ENTERED in favor of Defendant.

It is ORDERED that **by December 29, 2021**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects.

Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable. Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 15th day of December 2021.

                                      /s/   Charles S .Coody
                                      CHARLES S. COODY
                                      UNITED STATES MAGISTRATE JUDGE